## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

_____

In re:                                                                    :          Case No.:  22-30158 (AMN)
                                                                              :          Chapter 13
          JO LYNN WILSON,                                     :
                              *Debtor*                              :          Re:  ECF Nos. 64, 73, 99, 102,
_____:          103, 104

## AMENDED AND RESTATED MEMORANDUM OF DECISION AND ORDER
## DENYING DEBTOR'S MOTION TO REINSTATE HER CHAPTER 13 CASE[1]

Jo Lynn Wilson ("Ms. Wilson" or the "Debtor") filed a petition commencing this

Chapter 13 case on March 18, 2022 (the "Petition Date").  On August 3, 2023, the

Chapter 13 Trustee (the "Trustee") filed a motion to dismiss the case due to non-

payment of monthly Chapter 13 Plan payments and failure to provide certain

information, pursuant to 11 U.S.C. § 1307(c) [2].  ECF No. 64.  Approximately six weeks

later, after notice and a hearing during which the Debtor's attorney appeared and

represented there was no objection to dismissal, the court granted the Trustee's motion

and dismissed the Chapter 13 case for failure to make Chapter 13 Plan payments and

failure to provide documents to the Trustee.  ECF No. 73.  Ms. Wilson now seeks to

vacate the court's dismissal order and reinstate her Chapter 13 case.  For the reasons

that follow, the motion will be denied.

### Nature of the Proceedings

Before filing for bankruptcy, Ms. Wilson entered into an agreement with attorneys

at the Law Office of Neil Crane, LLC, hiring them to represent her in a Chapter 13 case

---

[1]         This Amended and Restated Memorandum of Decision primarily corrects typographical and style issues.

[2]         Title 11, United States Code, is the "Bankruptcy Code."  References to statutory sections are to the Bankruptcy Code unless otherwise specified.

and agreeing to pay a fee of $4,700.00 and a filing fee expense of $313.00.  ECF No. 121-1; ECF No. 123 at 00:02:49-00:03:16.[3]  As noted, the case was dismissed without objection when the Debtor failed to make several monthly Chapter 13 Plan payments and failed to deliver certain documents.  ECF Nos. 64, 73, 74.  Ms. Wilson's counsel appeared at the hearing on the Trustee's motion in September 2023, and stated there was no objection to dismissal.  ECF Nos. 73, 74 00:00:25--00:00:32.  The court expressly reserved jurisdiction in its dismissal Order to consider applications for allowance of administrative expenses, including attorney's fees.  ECF No. 73.

At the time the case was dismissed, the Debtor had failed to make Chapter 13 Plan payments totaling approximately $6,338.00, and the Trustee was holding approximately $2,000.00 Ms. Wilson had paid toward the unconfirmed Chapter 13 Plan. ECF No. 64, p. 1.  *See,* Bankruptcy Code § 1326(a)(2).  After dismissal, Ms. Wilson's attorneys filed a Final Application for Compensation (the "Application"), seeking allowance of attorney's fees and expenses pursuant to Bankruptcy Code § 330.  ECF No. 78.  When Ms. Wilson disputed the Application, the attorneys withdrew it.  ECF No. 101.  Had the Application been granted, the Chapter 13 Trustee would have been required to pay the funds totaling approximately $2,000.00 to the attorneys.  *See,* Bankruptcy Code § 1326(c).  Attorney Tremesani represented to the court during a hearing on December 11, 2023, that the firm will not pursue payment of any unpaid portion of the fees and expenses, inside or outside of the bankruptcy court process. ECF No. 123, 00:03:29-00:03:40.  Because the attorneys no longer seek allowance of

---

[3]    All timestamps indicate the hours minutes and seconds (00:00:00) for the .mp3 file publicly available at the referenced ECF No. as played on VLC Media Player.

an administrative expense of the bankruptcy estate (*i.e.,* their attorney's fee), the Trustee has paid or will pay the balance of funds she is holding to Ms. Wilson. Bankruptcy Code § 1326(c).

While the Application was pending, on November 15, 2023, the Debtor appeared at a hearing to state her dissatisfaction with the attorneys and her opposition to the Application.  ECF No. 92 at 00:08:19—00:08:43.  On the same day, the Debtor filed the operative Motion to Reinstate her Chapter 13 Case (the "Motion").  ECF No. 86, refiled as ECF No. 99.

In order to address the dispute concerning the Application (before it was withdrawn), the court ordered Ms. Wilson's attorneys to file a copy of the Agreement with the Debtor.  ECF Nos. 89, 112, 121.  Attorneys Neil Crane, Audra Buckland, and Jennifer Tremesani filed motions to withdraw their appearances on behalf of the Debtor which remain pending.  ECF Nos. 102, 103, 104.

The court held a hearing on the Debtor's Motion on December 11, 2023.  During the hearing, the Debtor again expressed her frustration with her attorneys and blamed them for the dismissal of her case.  ECF No. 123, 00:03:51—00:03:59.  Clearly the Debtor believes her attorneys did not effectively represent her interests when they did not object to the Trustee's dismissal motion.  But the Debtor did not argue that the facts were wrong:  she did not argue she paid the Chapter 13 Plan payments or that she provided missing financial information.

The Debtor mentioned two new facts during the December 11, 2023 hearing, although the hearing was not evidentiary.  First, she mentioned she had settled a pre-petition personal injury claim[4] after the case was dismissed.  Second, the Debtor

---

[4]        The court was unable to find any record of a personal injury case involving the Debtor.

mentioned a foreclosure was started in state court after this case was dismissed.  *See*, *U.S. Bank Trust National Association, Not in Its Individual Capacity, But Solely as Trustee Of Citigroup Mortgage Loan Trust 2018-B, v. Jolynn Wilson et al.*, Connecticut Superior Court, Docket No. NNH-CV23-6137524-S.  The Debtor's Motion does not address how reinstatement of the Chapter 13 case – or vacation of the court's order dismissing the case – may affect either the settled personal injury claim or the intervening foreclosure action.  She does not consider whether the stay provided by Bankruptcy Code § 362(a) would apply to the foreclosing lender retroactively or not, or whether this court or another court should consider the foreclosure complaint and all that followed from it to be *void ab initio* as a result of being taken during the period between the dismissal of the case and the reinstatement of the case.

## Applicable Law

As a threshold matter, the court notes the Debtor is proceeding as a self-represented litigant.  ECF No. 100.  The court therefore liberally construes the Debtor's Motion. *See, McPherson v. Coombe*, 174 F.3d 276, 280 (2nd Cir.1999); accord *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 WL 2258291, at *4 (Bankr. S.D.N.Y. June 1, 2021).  The Debtor's Motion is better construed as a Motion to Vacate Dismissal.  Such motions are brought pursuant to Fed.R.Civ.P. 60, made applicable here pursuant to Fed.R.Bankr.P. 9024.  Rule 60 provides, in relevant part, "(b) . . . On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .  (6) any other reason that justifies relief." "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Canfield*

*v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (internal quotation marks omitted).

"A party moving for relief under Rule 60(b) generally must present[] highly convincing . . . evidence in support of vacatur and show good cause for the failure to act sooner and that no undue hardship be imposed on other parties." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (internal quotation marks omitted).  Rule 60 is "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *In re Ballone*, No. 10-20294-PRW, 2015 WL 515241, at *3 (Bankr. W.D.N.Y. Feb. 5, 2015).  "It is well-settled that '[r]elief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Freeman v. Wright (In re Wright)*, Nos. 07-50506, 07-5039, 2011 WL 6202883, at *2 (Bankr. D. Conn. Dec. 8, 2011) (internal quotation marks omitted) (quoting *Insurance Co. of North America v. Public Service Mut. Ins. Co.,* 609 F.3d 122, 131 (2d Cir. 2010)).

### Discussion

This case highlights the fragility of the Chapter 13 Plan confirmation process considering the relentless passage of time and the complex nature of arriving at a confirmable Chapter 13 Plan.  Confirmation of a Chapter 13 Plan requires the parties – the Debtor, the Trustee and creditors – to reach an agreement at a moment in time, and to proceed expeditiously and consistently forward with the terms of the agreement by confirming a Chapter 13 Plan.  The Chapter 13 Plan must meet a myriad of requirements at the moment of confirmation, including without limitation the following:

the Debtor must be current with post-petition Chapter 13 Plan payments to the Trustee; in cases involving a home mortgage, the post-petition mortgage payments, real property taxes and homeowners insurance payments should be current; in cases involving a vehicle loan, the post-petition payments should be current; the Debtor's financial profile including sources of income, amounts of expenses and scope of any domestic support obligations must be accurate and updated to the satisfaction of the Chapter 13 Trustee in order to establish the appropriate rate of dividend in the Chapter 13 Plan for unsecured creditors (ranging from 0% to 100% plus interest); in cases where post-petition interest will be paid, the federal judgment rate of interest and the rate charged by the Internal Revenue Service must be established; all filed proofs of claim must be provided for under the Chapter 13 Plan, each claimant must have a minimum number of days' notice of the Chapter 13 Plan's provisions, the deadline to object and the hearing; and, student loans must be clearly treated in a Chapter 13 Plan (including the possibility they will be treated by being paid outside of the Chapter 13 Plan).

Where a debtor falls behind in monthly Chapter 13 Plan payments and fails to deliver requested financial information to the Trustee, the court may conclude there is cause to dismiss the case or to deny confirmation of the Chapter 13 Plan.  If catching up with missed Chapter 13 Plan payments is not feasible, the court may deny confirmation of a Chapter 13 plan on that basis alone. This is not surprising or unusual since a debtor is generally required to devote almost all disposable income toward the Chapter 13 Plan payments.  Absent a windfall, an emergency retirement fund or 401(k) loan or the kindness of family or friends, most Chapter 13 Debtors will simply be unable to catch up.  Chapter 13 debtors often choose to dismiss a case and start over without the

burden of the missed plan payments, thereby giving themselves a better chance to complete a Chapter 13 Plan.

Here, there was no mistake, inadvertence, surprise, or excusable neglect that led to the case being dismissed, nor has the Debtor claimed there was. The court and parties did not make a mistake of law or fact. The Debtor's attorney was present and did not raise an objection. Attorneys must "ensure the veracity of all submissions to the Court. With these protections in place," the court may rely on an attorney's representations. *Korzeniowski v. Encore Receivable Mgmt., Inc.,* No. 309-CV-1425WWE, 2010 WL 1719351, at *2 (D. Conn. Apr. 27, 2010). The court relied on the representation of the Debtor's attorney that the Debtor did not object to the motion to dismiss. Perhaps this was due to a miscommunication between the Debtor and her attorneys, or a determination by the Debtor's attorneys that an objection would have been meritless. *See,* Fed.R.Bankr.P. 9011(b) ("By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .").

No other reason would justify the relief the debtor seeks, and the Debtor has not offered a reason for her delay of almost two months before seeking to vacate the dismissal order. Although the Debtor stated her discontent at the outcome of her case, and her dissatisfaction with her attorneys, she failed to identify any extraordinary circumstances or hardships would follow if the dismissal order remained in place.

If the case was reinstated, however, the Debtor would have to make up nearly ten months' worth of Chapter 13 plan payments totaling more than $10,000. *See,* ECF

No. 64; ECF 57, p. 3.  It is also unclear what the Debtor seeks in terms of the efficacy of the automatic stay.  The Debtor did not address whether the automatic stay would be reinstated if the motion was vacated, or should be reinstated *nunc pro tunc*.

Other courts have observed,

. . . setting aside an order dismissing a bankruptcy case would have potentially enormous, highly disruptive, and unintended consequences. Upon dismissal, avoided transfers are reinstated, certain voided liens revive, . . . all property of the estate revests in the entity in which such property was vested immediately before bankruptcy [here, the trustee] . . . and the automatic stay against interests other than property of the estate terminates. . . . Would setting aside a dismissal order re-void the previously avoided then reinstated transfers and liens, revest property in the estate, and reimpose the automatic stay as if there had been no dismissal? Would creditors who took actions between the time the dismissal order issued and when it was set aside have to move to annul the automatic stay to validate those actions? What about third parties, such as bona fide purchasers for value during that time? How could these problems be avoided without setting aside the dismissal for some purposes but not others, creating another jurisdictional swamp?

*Aheong v. Mellon Mortg. Co. (in Re Aheong)*, 276 B.R. 233, 242 n.10 (B.A.P. 9th Cir. 2002) (internal quotation marks omitted; citations omitted).

Here, the foreclosing creditor may have to move for relief from stay to somehow validate its prior actions. The personal injury suit settlement by the Debtor would have to be examined, and possibly avoided since the claim would retroactively belong to the bankruptcy estate once again.  If the suit was property of the estate the settlement proceeds would be, too.  ECF No.6, p. 7.  These complications arising from reinstatement of the case weigh against granting the Debtor's request.

Even though the Motion will be denied, nothing bars the Debtor from filing a new Chapter 13 bankruptcy petition to try to save her home.  If the Debtor files a second Chapter 13 bankruptcy petition within the next twelve (12) months, the automatic stay will go into effect, but only for thirty (30) days.  The court would consider a motion to

extend the automatic stay pursuant to Bankruptcy Code § 362(c)(3)(B) if filed within the first thirty (30) days of the case.

With respect to the attorney's fee dispute, the court will consider any motion filed by the Debtor seeking review of attorney's fees pursuant to Bankruptcy Code § 330. Section 330 provides the court with the authority to review any attorney's fee paid by the Debtor during the period from one year prior to the petition date, and later. Presently, the attorney's fee request for allowance of fees is not pending and the attorneys have conceded they will not pursue any further payment from the Debtor. While the court declines to *sua sponte* order review of attorney's fees previously paid in this case, the court will consider any motion regarding fees filed by the Debtor.

All other arguments have been considered and determined to be without merit. This is a final order subject to rights of appeal. The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. Fed.R.Bankr.P. 8002(a)(1).

Accordingly, it is hereby

**ORDERED**: The Motion to Reinstate Case, ECF No. 99, is DENIED; and it is further

**ORDERED:** For the absence of doubt, this Order does not prevent the Debtor, Ms. Wilson, from filing a new Chapter 13 bankruptcy case.

Dated this 10th day of January, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut